IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY DONNELL TOLIVER, | ) | |
| ID # 733298, | ) | |
|      Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1885-B |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|      Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  Nature of the Case:**  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B.  Parties**:  Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  Respondent is Douglas Dretke, Director of TDCJ-CID.

**C.  Procedural History:**  Petitioner challenges his September 7, 1995 conviction and result-ing ninety-nine year sentence for aggravated sexual assault in Cause No. F-95-02003-RK.  (*See* Pet. Writ Habeas Corpus (Pet.) at 2.)  This is his third federal petition for writ of habeas corpus chal-lenging that conviction. *See Toliver v. Dretke*, No. 3:03-CV-2927-N (N.D. Tex.) (Pet. received Dec. 5, 2003); *Toliver v. Johnson*, No. 3:00-CV-0040-T (N.D. Tex.) (Pet. received Jan. 10, 2000).  On

May 31, 2000, the Court denied the first petition as untimely.  *See Tolver*, No. 3:00-CV-0040-T

(Judgment and Order dated May 31, 2000).  On December 30, 2003, the Court dismissed the second

petition as successive. *See Toliver*, No. 3:03-CV-2927-N (Judgment and Order dated Dec. 30, 2003).

In the instant petition, petitioner asserts three grounds for relief – (1) due process violation

of double jeopardy; (2) ineffective assistance of trial counsel in four respects; and (3) ineffective

assistance of appellate counsel.  (Pet. at 7.)  He concedes that he previously filed a federal habeas

petition attacking the same conviction at issue in this action.  (*See id.* ¶ 21.)  Petitioner raised these

same claims in his 2003 federal petition.  *See Toliver*, No. 3:03-CV-2927-N (Pet.).  Although peti-

tioner did not raise these claims in his 2000 federal petition, this Court has previously found that he

could have raised them in that petition.  *See id.* (Findings, Conclusions, and Recommendation).

Because petitioner has filed previous federal petitions, the Court must determine whether

the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214

(AEDPA) limits the circumstances under which a state prisoner may file a second or successive

application for habeas relief in federal court.  In general, "a later petition is successive when it: 1)

raises a claim challenging the petitioner's conviction or sentence that was or could have been raised

in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d

833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.

2000).[1]  A petition that is literally second or successive, however, is not necessarily a second or

---

[1] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28
U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision.
*See* 211 F.3d at 864 n.4.  In the present context, this Court also finds it appropriate to make no distinction between cases

successive application for purposes of the AEDPA. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

In this case, petitioner's previous petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner therefore was required to present all available claims in his first federal petition:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1995 aggravated sexual assault conviction in two prior federal petitions. Herein, he challenges the same conviction and asserts three grounds for relief that he raised in his second petition and could have raised in his first petition. Because the instant petition raises claims that petitioner raised in his second petition and could have raised in his first petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only

---

decided under § 2255 and those under § 2254.

if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice better serves the interests of justice than a transfer. This Court has already informed petitioner that he must seek leave from the Fifth Circuit to file a second or successive petition. By filing this successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

SIGNED this 10th day of November, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE